NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., NITRONEX, LLC,**
*Plaintiffs-Appellants*

**v.**

**INFINEON TECHNOLOGIES AG,**
*Defendant*

**INFINEON TECHNOLOGIES AMERICAS CORPORATION,**
*Defendant-Appellee*

_____

2017-1882

_____

Appeal from the United States District Court for the Central District of California in No. 2:16-cv-02859-CAS-PLA, Judge Christina A. Snyder.

_____

Decided: February 7, 2018

_____

AMANDA TESSAR, Perkins Coie, LLP, Denver, CO, argued for plaintiffs-appellants. Also represented by ELIZABETH M. BANZHOFF; DAN L. BAGATELL, Hanover, NH; DANIEL TYLER KEESE, Portland, OR.

DAVID G. WILLE, Baker Botts, LLP, Dallas, TX, argued for defendant-appellee. Also represented by JEFFERY D. BAXTER, BRIAN DOUGLAS JOHNSTON.

---

Before PROST, *Chief Judge,* WALLACH and STOLL, *Circuit Judges.*

PROST, *Chief Judge.*

Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively, "MACOM") sought and obtained a preliminary injunction against defendant Infineon Technologies Americas Corp. ("Infineon") in the U.S. District Court for the Central District of California. The district court's December 7, 2016 preliminary injunction declared that Infineon's termination of an agreement was ineffective and ordered Infineon to comply with that agreement. J.A. 50–52 (the "Injunction"). Infineon appealed the Injunction on several grounds in Case No. 2017-1448 (the "First Appeal"), a companion to this appeal.

Days before filing its Notice of Appeal in the First Appeal, Infineon moved the district court to modify the Injunction. On March 6, 2017, while the First Appeal was pending, the district court ruled for Infineon and modified the first sentence of the third paragraph of the Injunction. J.A. 2863, 2865–66 (the "Modified Injunction"). MACOM appeals the Modified Injunction and argues that (1) the district court lacked jurisdiction to modify the Injunction while it was on appeal in the First Appeal; and (2) the district court's modification reflected an erroneous interpretation of the agreement.

We vacated the first sentence of the Injunction's third paragraph in the First Appeal. Thus, the issues of whether the district court had jurisdiction to modify the Injunction while it was on appeal and whether the district court's modification reflected an erroneous interpretation

of the agreement are moot.[1]  We therefore dismiss this appeal.

## DISMISSED

### COSTS

The parties shall bear their own costs.

---

[1]  *See* Infineon's Br. 42 (arguing that vacating the third paragraph of the Injunction in the First Appeal would moot this appeal); Oral Argument at 8:19–40, *MACOM Tech. Solutions Holdings, Inc. v. Infineon Techs. AG* (No. 2017-1882), http://www.cafc.uscourts.gov/oral-argument-recordings (colloquy with MACOM's counsel regarding mootness implications of vacating the third paragraph of the Injunction in the First Appeal).